**ALLIED DEVELOPMENT CORPORA-TION et al., Plaintiffs-Appellants,**

v.

**The FIRST NATIONAL BANK & TRUST COMPANY OF STEUBENVILLE,** Defendant-Appellee.

No. 73-1958.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1974.

Decided May 2, 1974.

Lyman Brownfield, Brownfield, Kosydar, Bowen, Bally & Sturtz, Columbus, Ohio, for plaintiffs-appellants.

Bernard Fineman, East Liverpool, Ohio, for defendant-appellee; Aronson & Fineman, East Liverpool, Ohio, Dominic J. Bianco, Coleman & Bianco, Steubenville, Ohio, on brief.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

Appellants filed a complaint in the District Court for the Southern District of Ohio, alleging that Appellee had violated Rule 10b-5 of the Securities and Exchange Commission, promulgated under Section 10(b) of the Securities Exchange Act of 1934, in connection with the sale of a promissory note to Appellants. Although Appellants generally alleged that the sales had been accomplished "through the use of the United States mails and instrumentalities of commerce," the only specific allegation of a use of the mails was that Appellants had mailed the note among themselves for signature before returning it to Appellee. The District Court determined, without a hearing, that the facts so pleaded did not establish subject matter jurisdiction under Rule 10b-5, and it dismissed the complaint.

On appeal, Appellants moved this Court to dismiss the appeal on the condition that they be allowed to amend their complaint to state that the mails were also used in returning the note to Appellee. At oral hearing Appellants withdrew their motion.

Section 10(b) of the 1934 Securities Exchange Act states:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of inter-

state commerce or of the mails, . . . to use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device. . . . " 15 U.S.C. § 78j(b).

Considering the complaint which was before the District Court, we hold that Appellants failed to establish that the use of the mails among themselves sufficed to give the federal courts jurisdiction over a matter which was otherwise purely an intrastate dispute, to be governed by state law. Accordingly, the judgment of the District Court is affirmed.